IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,
        Plaintiff,

vs.

DAVID MARK PLATT,
        Defendant.

CASE NO: **4:22MJ3067**

**DETENTION ORDER**

    The defendant is charged with a felony involving a minor victim. On the government's motion, the court held a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f). The court concludes the defendant must be detained.

    There is a rebuttable presumption that no condition or combination of conditions of release will reasonably assure the defendant's appearance at court proceedings and the safety of the community because there is probable cause to believe the defendant transported a minor across state lines to engage in sex and committing a sex offense while being subject to sex offender registration requirements. The defendant has not rebutted this presumption.

    Based on the evidence presented and information of record, the court finds by a preponderance of the evidence that the defendant's release would pose a risk of obstruction of justice, nonappearance at court proceedings, and by clear and convincing evidence that the defendant's release would pose a risk of harm to the public.

    Specifically, the court finds there is substantial evidence to support the charges, and the defendant has a criminal history of violating the law, including a prior aggravated sexual assault; has a criminal history of violating court orders; advised his brother that he is confident the child victim will not testify against him;

violated conditions of release previously imposed by a court; has a history of harming or threatening harm to others; lacks a stable residence; and has employment for which supervision would be very difficult.

Conditions which restrict Defendant's travel, personal contacts, and possession of drugs, alcohol, and/or firearms; require reporting, education, employment, or treatment; or monitor Defendant's movements or conduct; or any combination of these conditions or others currently proposed or available (see 18 U.S.C. § 3142(c)), will not sufficiently ameliorate the risks posed if the defendant is released.

## Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. The defendant must be afforded a reasonable opportunity to consult privately with defense counsel.  On order of the United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to the United States marshal for a court appearance.

Dated June 2, 2022.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge
